# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: RAILWAY INDUSTRY EMPLOYEE NO-POACH ANTITRUST LITIGATION | Master Docket: Misc. No. 18-798 |
| This Document Relates to: ALL ACTIONS | MDL No. 2850 |

## APPLICATION TO APPOINT KARIN E. GARVEY AND LABATON SUCHAROW LLP INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

**LABATON SUCHAROW LLP**
Karin E. Garvey (*pro hac vice* pending)
Gregory S. Asciolla (*pro hac vice* pending)
140 Broadway
New York, NY  10005
Tel: (212) 907-0700
kgarvey@labaton.com
gasciolla@labaton.com

**CARLSON LYNCH SWEET
  KILPELA & CARPENTER**
Gary F. Lynch
Benjamin J. Sweet
Kelly K. Iverson
1133 Penn Avenue
5th Floor
Pittsburgh, PA  15222
Tel: (412) 322-9243
glynch@carlsonlynch.com
bsweet@carlsonlynch.com
kiverson@carlsonlynch.com

*Counsel for Plaintiff Omar Sey*

Dated: September 11, 2018

Plaintiff Omar Sey respectfully submits this application to support the appointment of Karin E. Garvey and Labaton Sucharow LLP as interim class counsel.

## I. Karin Garvey and Labaton Sucharow Should Be Appointed Interim Class Counsel

The Rule 23(g) factors that a court "must consider" when appointing interim class counsel, *In re Shop-Vac Mktg. & Sales Practices Litig.*, No. 4:12-md-2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013), demonstrate that Ms. Garvey and Labaton Sucharow are best suited to represent the Class in this MDL.

### A. Labaton Sucharow Performed the Most Substantial Investigation—Which Is Ongoing—Prior to Filing Its Complaint

Time and resources spent investigating claims are substantial factors to be considered in appointing class leadership. *See* Fed. R. Civ. P. 23(g); *see also Shop-Vac*, 2013 WL 183855, at *2 (appointing firms who "conducted more significant work in investigating and identifying potential claims"). No other firm has done more to advance this case than Labaton Sucharow. Following the April 3, 2018 announcement by the U.S. Department of Justice that it had filed and settled a civil action against the defendants, our investigators and attorneys spent over <u>350 hours</u> researching and contacting <u>over 100</u> of the defendants' former employees. *See* Declaration of Karin E. Garvey ("Garvey Decl.") ¶ 3. That hard work paid off. Mr. Sey's complaint was the first to include independent allegations developed from several confidential witnesses aware of and willing to discuss the collusion between the defendants. Those interviews revealed the existence of an "unwritten gentlemen's agreement" between the defendants "not to recruit or hire each other's skilled employees, especially engineers." Complaint at ¶ 9, *Sey v. Knorr-Bremse AG*, No. 18-cv-1090 (W.D. Pa. May 16, 2018), ECF No. 1. *See also id*. at ¶ 56 (human resources personnel from a Knorr-Bremse subsidiary "were copied on emails describing the no-poach agreement with Wabtec and authored emails reminding others not to poach employees from

Wabtec."). Confidential-witness information also allowed Mr. Sey to be the first to name Bendix Commercial Vehicle Systems LLC as a defendant. *See id*. at ¶¶ 18, 62. Critically, courts value the cultivation of confidential witnesses in appointing class leadership. *See*, *e.g.*, Order at 4-5, *In re Treasury Sec. Auction Antitrust Litig.*, No. 15-MD-2673 (S.D.N.Y. Aug. 23, 2017) (selecting co-lead counsel, including Labaton Sucharow, in part because they "interviewed confidential witnesses and industry insiders"); *In re Interest Rate Swaps Antitrust Litig.*, No. 16-MC-2704, 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016) (appointing firms that "interviewed dozens of market participants and confidential witnesses").

None of the actions filed before Mr. Sey's advanced the litigation through confidential witnesses; such an effort requires significant time.[1] In this regard, "[s]peed is a poor surrogate for determining the best counsel to prosecute the particular class action." Third Circuit Task Force Report: Selection of Class Counsel, 208 F.R.D. 340, 418 (2001) ("*Third Circuit Task Force Report*"). *See also Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of Rule 23(g). To hold otherwise would further encourage a 'rush to the courthouse' . . . ."). *Cf. Third Circuit Task Force Report*, 208 F.R.D. at 418-19 ("The filing of a skeletal complaint should be a negative rather than a positive factor . . . [and] is no 'work' at all."). Indeed, only one action filed *after* Mr. Sey's includes information gleaned from former employees. This important factor sets our firm apart from all others.

### B.  Ms. Garvey and Labaton Sucharow Have Experience Handling Complex Antitrust Class Actions and Are Knowledgeable Regarding Applicable Law

Labaton Sucharow regularly leads complex class actions challenging anticompetitive conduct. We have recovered nearly $3 billion on behalf of entities and consumers injured by

---

[1] And significant resources. Labaton routinely advances millions of dollars to finance litigation costs and will commit the needed funds and personnel to effectively prosecute this case.

antitrust law violations.[2] Gregory Asciolla and Jay Himes, longtime leaders in the antitrust bar with significant government, defense, plaintiff, and trial experience, are the group's co-chairs. Another prominent antitrust practitioner who leads major cases for the group is Karin Garvey.[3]

Ms. Garvey, who has more than 20 years of experience as an antitrust and general commercial litigator, is eminently qualified to lead this action. A graduate of Harvard College and Northwestern University Pritzker School of Law, Ms. Garvey spent nearly two decades practicing at a top defense firm prior to joining Labaton Sucharow. There, among other things, she defended multinational corporations in class actions.

Ms. Garvey has significant experience running MDLs—on "both sides of the v." She is the firm's lead lawyer in *In re Opana ER Antitrust Litigation* (N.D. Ill.), a currently pending pharmaceutical "pay for delay" class action MDL in which the firm is co-lead counsel for the end-payer class. In her role, she is responsible for all aspects of the case—from discovery to briefing to managing class counsel. At her prior firm, Ms. Garvey led the defense of a major pharmaceutical company in another class action MDL, *In re Skelaxin (Metaxalone) Antitrust Litigation*, (E.D. Tenn.). There, in addition to being responsible for all pre-trial aspects of the case, Ms. Garvey also examined all but one of the witnesses at a week-long jury trial.

Given her experience, Ms. Garvey is uniquely positioned to deploy the knowledge she gained as a defense counsel to the strategic advantage of her clients on the plaintiffs' side. Plaintiffs' lawyers can sometimes lack an appreciation for defense counsel's perspectives and

---

[2] Labaton Sucharow has been recognized by peers, adversaries, and clients a leader in the antitrust, securities, and class action fields, earning premier rankings in *Chambers USA*, *Benchmark Plaintiff*, and *The Legal 500*, as well as in *Law 360* (Most Feared Plaintiffs' Firms; Practice Group of the Year–Class Action) and *Global Competition Review* (Leading Firms and Lawyers for Antitrust Plaintiffs' Work). *The National Law Journal* regularly recognizes the firm as one of the country's leading plaintiffs' class action firms. *See* Garvey Decl. Ex. 1 at 8.

[3] *See* Ex. 1 and www.labaton.com for more information on Ms. Garvey, the firm, its successes, its commitment to diversity and inclusion, and other attorney biographies.

motives. Ms. Garvey is able to work much more efficiently, cooperatively and, thus, productively with defense counsel both throughout litigations and in connection with settling cases—something with which she also has significant experience. *The Legal 500* recently recommended Ms. Garvey in the Antitrust Civil Litigation/Class Action category.[4]

Ms. Garvey will have the support of a top-tier antitrust firm. Labaton Sucharow's substantial experience leading complex antitrust MDL class actions and depth of knowledge of antitrust law is proven by our record of success. For instance, we served as co-lead counsel in *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), in which more than $1.2 billion in recoveries was secured from over 30 global airlines for price-fixing air cargo shipping services worldwide. The firm also served as lead counsel in *In re Aftermarket Automotive Lighting Products Antitrust Litigation* (C.D. Cal.), a global price-fixing conspiracy, where the firm's unwavering advocacy secured a settlement of more than $50 million on the eve of trial. Current leadership appointments (in addition to *Opana*) include being on the end-payers' Plaintiffs' Steering Committee in *In re Generic Pharmaceuticals Pricing Antitrust Litigation* (E.D. Pa.), a massive MDL alleging price-fixing among dozens of generic drug companies, and being co-lead counsel in *In re Treasury Securities Auction Antitrust Litigation* (S.D.N.Y.), a complex antitrust action alleging price-fixing by the major dealer banks of U.S. Treasury securities.

**II.     Ms. Garvey & Labaton Will Fairly and Adequately Represent the Class's Interests**

A court may also consider other matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The following points are particularly salient here. ***First***, this case—with two main defendants—is not so large as to require a tiered leadership structure. With its superior resources and deep bench, Labaton

---

[4] Ms. Garvey is a leader in other ways as well. At both her prior firm and at Labaton Sucharow, she has been active in the firms' women's initiatives, recruiting efforts and mentoring programs.

Sucharow is entirely capable of leading this case on its own or with, at most, one co-lead counsel.[5] That said, we believe that a liaison counsel would be an appropriate appointment and, to that end, support the application of Kelly K. Iverson of the Carson Lynch firm. **Second**, experience working in government (and with government lawyers while in private practice) is relevant here because it likely will be necessary to work with DOJ attorneys in prosecuting the Class's claims. Mr. Asciolla, a former DOJ trial attorney, and Mr. Himes, former Chief of the Antitrust Bureau of the New York Attorney General's Office (the State's top antitrust enforcement position)—along with Ms. Garvey, who has worked on behalf of clients with both DOJ and the Federal Trade Commission—have the requisite experience. **Finally**, a few (admittedly self-serving) words on professionalism and collegiality. Attached as Exhibits 2 and 3 to the Garvey Declaration are very recent statements by two federal judges that serve as welcome validation of the dedication, energy, value, and collaborative spirit that the firm brings to all its cases. Should Ms. Garvey and Labaton Sucharow be appointed to lead this case, the firm will dedicate as much time, funding, energy, and effort as the case demands to ensure the best possible outcome.

## III. Conclusion

For the foregoing reasons, Plaintiff Omar Sey respectfully requests that the Court appoint Karin E. Garvey and Labaton Sucharow LLP interim class counsel.

---

[5] Courts routinely appoint just one or two firms to lead complex antitrust cases. *See, e.g.*, *In re Remicade Antitrust Litig.*, No. 17-cv-4326, 2018 WL 514501 (E.D. Pa. Jan. 23, 2018) (appointing one firm as lead counsel); *In re Opana ER Antitrust Litig.*, 14cv10150 (N.D. Ill. Apr. 2, 2015), ECF No. 78 (appointing Labaton Sucharow and one other firm as co-lead counsel). Relatedly, the Court should be wary of so-called "consensus proposals"; garnering support for a leadership position is irrelevant and can raise a red flag. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006) ("[T]he number of attorneys supporting a given candidacy is not included among the factors set forth in Rule 23(g)."); *Third Circuit Task Force Report*, 208 F.R.D. at 348 ("[V]oluntary agreements among lawyers may create cartel-like groupings . . . . [T]o reach a 'deal,' lead counsel may have to 'cut in' so many lawyers that the representation of the class becomes inefficient and the ultimate fee request becomes inflated.").

Dated: September 11, 2018                    Respectfully submitted,

**LABATON SUCHAROW LLP**

By: */s/ Karin E. Garvey*
Karin E. Garvey (*pro hac vice* pending)
Gregory S. Asciolla (*pro hac vice* pending)
140 Broadway
New York, NY  10005
Tel: (212) 907-0700
kgarvey@labaton.com
gasciolla@labaton.com

             *—and—*

**CARLSON LYNCH SWEET**
 **KILPELA & CARPENTER**
Gary F. Lynch
Benjamin J. Sweet
Kelly K. Iverson
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
bsweet@carlsonlynch.com
kiverson@carlsonlynch.com

*Counsel for Plaintiff Omar Sey*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 11, 2018, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Karin E. Garvey*
Karin E. Garvey