IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: RAILWAY INDUSTRY EMPLOYEE NO-POACH ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS. | Master Docket Misc. No. 18-798<br><br>MDL No. 2850 |

**CASE MANAGEMENT ORDER NO. 1**

WHEREAS, twenty-six (26) antitrust class actions (the "Actions") have been filed in or transferred to this district arising out of allegations that the named defendants ("Defendants") unlawfully engaged in a conspiracy not to solicit, recruit, or hire each other's employees without prior approval, or otherwise compete for employees in violation of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 3;

WHEREAS, on August 2, 2018, the Judicial Panel on Multidistrict Litigation (the "JPML") issued an Order centralizing one of the Actions to this Court, and numerous related Actions have been transferred since that time;

WHEREAS, on August 22, 2018, the Court entered an Order, amended on August 23, 2018, consolidating for pretrial purposes all Actions filed in the Western District of Pennsylvania and all Actions which have been or will be transferred here by the JPML (collectively, the "Consolidated Actions") pursuant to Federal Rule of Civil Procedure 42 (a), ECF No. 12 ¶3;

WHEREAS, per the August 22, 2018 Order, as amended on August 23, 2018, the Court also established a Master File Docket number for this proceeding at 2:18-mc-00798 (MDL No. 2850); and made other related rulings; and

WHEREAS, on September 21, 2018, this Court entered a Minute Entry for the status conference conducted on September 13, 2018, and directed the parties to file a new proposed case management order.

NOW THEREFORE IT IS HEREBY ORDERED as follows:

**I.     INITIAL SCHEDULE**

  A. On or before October 12, 2018, Plaintiffs shall file a consolidated class action complaint (the "Consolidated Complaint") in the Consolidated Actions.  The Consolidated Complaint shall supersede all other complaints and be the operative complaint in the Consolidated Actions.

  B. Within fourteen (14) days of the filing of the Consolidated Complaint, Plaintiffs and Defendants shall meet and confer regarding its Rule 26(f) reports, and regarding the preparation of the following documents, which Rule 26(f) report shall be submitted to the Court on or before October 30, 2018, to include:

    1.  An order regarding production of electronically stored information ("ESI");

    2.  A document preservation order;

    3.  A deposition protocol; and

    4.  An order concerning expert discovery.

  C. The Court shall hold a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on November 7, 2018 at 11:00 a.m. in Courtroom 5A.

  D. The Parties shall file a protective order governing confidentiality by November 26, 2018.

  E. Beginning approximately one month after the Rule 16 conference, the Court will set times for monthly conference calls, as needed.  At or before the Rule 16 conference, the

parties shall submit a proposed Order with dates for the potential monthly conference calls from December 2018 through December 2019. The proposed dates shall be Tuesdays or Thursdays at 4:30 p.m. Interim co-lead counsel shall be responsible for coordinating a proposed joint agenda of all items to be raised during the conference calls, if any. Interim co-lead counsel also shall be responsible for arranging a conference call number for such calls and for providing the number to the Court and all counsel.

   F. Defendants shall file a responsive pleading to Plaintiffs' Consolidated Complaint, or otherwise move pursuant to Rule 12 of the Federal Rules of Civil Procedure by November 27, 2018.

   G. Plaintiffs shall file an opposition to Defendants' motion to dismiss by January 11, 2019.

   H. Defendants shall file a reply brief in support of their motion to dismiss (and need not seek leave of Court, as otherwise required under this Court's Rules for Pretrial and Trial Matters) by February 12, 2019.

   I. If any filing deadline stated above falls on a weekend or federal holiday, any motions or memoranda shall be filed on the first business day following such a weekend or holiday.

**II. SERVICE OF DOCUMENTS**

   A. Defendants agree to accept service of new summonses and complaints filed in the Consolidated Actions via email from Plaintiffs' counsel. Process and service of process for complaints already served in the Consolidated Actions was proper under Rule 4 of the Federal Rules of Civil Procedure.

B.   Defendants shall effect service of papers on Plaintiffs by serving a copy of the paper by e-mail on each Interim Class Counsel, or via the Court's ECF system.

C.   Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by e-mail on counsel for Defendants, or via the Court's ECF system.  This Court's Master Service List shall govern in all proceedings.

### III. PRO HAC VICE ADMISSIONS

Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice and in good standing in any United States District Court may seek to be admitted pro hac vice in this litigation, pursuant to the requirement of Local Civil Rule 83.2 (B).  Association of local counsel is not required.

### IV. PRESERVATION

Until the parties reach agreement on and the Court enters a Document Preservation Order, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to the Actions.  "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all evidence.  If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of potentially discoverable materials, that party must halt such practices or take other appropriate steps to preserve its information.

### V. APPLICATION TO OTHER ACTIONS

A.   This Order shall apply to all actions transferred to this Court for coordinated or consolidated pretrial proceedings by the JPML.

B.   In addition, this Order shall apply to any later-filed related actions filed in or transferred to this Court, unless a party objecting to the consolidation of such action or to any other provision of this Order shall, within twenty-one (21) days after the date upon which a copy

of this Order is provided to counsel for such party, files an application for relief from this Order or any provisions herein and the Court deems it appropriate to grant such application.

      C.     The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been properly named or joined, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein, and Defendants' consent thereto, shall not constitute a waiver by any party of any claims in or defense to any of the Actions, including defenses based on personal jurisdiction.

SO ORDERED.

Date: __October 12__, 2018      /s/ Joy Flowers Conti
      Joy Flowers Conti
      CHIEF DISTRICT JUDGE