**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| IN RE: RAILWAY INDUSTRY EMPLOYEE NO-POACH ANTITRUST LITIGATION | ) ) ) ) ) | Master Docket Misc. No. 18-798 |
| This Document Relates to: ALL ACTIONS | ) ) ) ) | MDL No. 2850 |

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Appendix LCvR 23.E,

and Case Management Order No. 1 ("CMO 1"; Dkt. 90), counsel for the parties have conferred

and jointly submit the following Rule 26(f) Report:

### 1. Identification of Counsel and Unrepresented Parties

For Interim Co-Lead Class Counsel:

Kelly M. Dermody (*pro hac vice*)
Dean M. Harvey (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
kdermody@lchb.com
dharvey@lchb.com
lchan@lchb.com

Kathleen M. Konopka (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212)355-9500
Facsimile: (212) 355-9592
kkonopka@lchb.com

Roberta D. Liebenberg (PA ID #31738) (*pro hac vice*)
Gerard A. Dever (PA ID #85291) (*pro hac vice*)
Adam J. Pessin (PA ID #92325) (*pro hac vice* forthcoming)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, Suite 2300
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
rliebenberg@finekaplan.com
gdever@finekaplan.com
apessin@finekaplan.com

For Defendants:

Thomas E. Birsic (PA ID #31092)
Melissa J. Tea (PA ID #80195)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel:  (412) 355-6500
Fax:  (412) 355-6501
thomas.birsic@klgates.com
melissa.tea@klgates.com

Michael E. Martinez (*admitted pro hac vice*)
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel:  (312) 372-1121
Fax: (312) 827-8000
michael.martinez@klgates.com

Mark H. Hamer  (*admitted pro hac vice*)
Steven M. Chasin
BAKER McKENZIE LLP
815 Connecticut Ave., N.W.

Washington, DC 20006
Tel: +1 202 452 7077
Fax: + 202  416-7177
Mark.Hamer@bakermckenzie.com
Steven.Chasin@bakermckenzie.com

Catherine Koh Stillman (*admitted pro hac vice*)
BAKER McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: +1 212 626 4218
Fax: +1 212 310 1679
catherine.stillman@bakermckenzie.com

**2.     General Nature of the Case**

Plaintiffs, on behalf of themselves and all others similarly situated, allege that Defendants and their co-conspirators, beginning no later than 2009, entered into unlawful agreements to reduce and eliminate competition among them for employees and to suppress the compensation of those employees.  Plaintiffs allege that Defendants and their co-conspirators agreed that they would not solicit or hire each other's employees without consent from the originating company in violation of the Sherman Act, 15 U.S.C. Section 1.

**3.     Rule 26(f) Conference Date, Participants and Parties Not Served**

Counsel for Plaintiffs and Defendants conferred by telephone on October 24, 2018.

Attending for Plaintiffs:  Dean Harvey, Kathleen Konopka, Gerard Dever, Adam Pessin, and Richard Donahoo.

Attending for Defendant Knorr:  Mark Hamer and Catherine Stillman.

Attending for Defendant WABTEC:  Melissa Tea and Michael Martinez.

Defendants have agreed to accept service on behalf of their clients.  There are no parties not served.

4.      **Date of Rule 16 Conference**

November 7, 2018 at 11:00 a.m. in Courtroom 5A.  (CMO 1 at 2.)

5.      **Dispositive Motions under Rule 12**

Defendants will file a motion to dismiss under Rule 12 by November 27, 2018; Plaintiffs will oppose by January 11, 2019; and Defendants will reply by February 12, 2019.  (CMO 1 at 3.) The parties agreed to confer well in advance of November 27, 2018 regarding whether a stipulated proposed order to further guide the motion to dismiss briefs is necessary.  If so, the parties will notify the Court and provide a proposed order.

6.      **Alternative Dispute Resolution**

The parties discussed ADR options and selected mediation as the preferred process.  The parties agreed that mediation is premature before certain initial discovery takes place but will confer to select a mediator.  Plaintiffs propose former Third Circuit Judge Timothy Lewis as a mediator.

7.      **Rule 26(a) Disclosures**

Plaintiffs propose to waive initial disclosures and proceed with discovery as set forth below in paragraphs 8(a) and 10.

Defendants propose to exchange initial disclosures 30 days after any final ruling on Defendants' motion(s) to dismiss or filing of any amended complaint, whichever is later.

8.      **Timing of Discovery**

    a.      <u>Plaintiffs' Position</u>

        (i)      <u>Discovery Schedule</u>

Consistent with numerous antitrust precedents, Plaintiffs propose that discovery proceed and not be stayed pending Defendants' motion to dismiss.  *See*, *e.g.*, *In re Plastic Additives*

*Antitrust Litig.*, No. 03-cv-2038, 2004 WL 2743591, at *8 (E.D. Pa. Nov. 29, 2004) (denying motion to stay discovery, the Court stated that "the public also has a significant interest in ensuring the flow of this Court's judicial docket so that justice may be administered to the instant litigants, as well as all other litigants before this Court, in a timely fashion."); *Moore v. Samsung Elec. Am.*, No. 16-cv-4966, 2017 U.S. Dist. LEXIS 122017, at *7 (D. N.J. July 28, 2017) (denying motion to stay discovery and noting "[t]his Court also has a responsibility 'to keep its docket moving to provide litigants with a timely and effective resolution of their claims.'"); *Maher Terminals, LLC v. Port Auth. of New York and New Jersey*, No. 12-6900, 2013 WL 2253532, at *3 (D.N.J. May 22, 2013) (noting that discovery stays are not justified unless preliminary review of motions to dismiss indicates a "clear and unmistakable result"). *See also Coca-Cola Bottling Co. v. Grol*, No. 92-cv-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993) ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.").[1]

Indeed, in large, complex civil antitrust cases brought by private parties after the resolution of a related government investigation, district courts, including in this Circuit, frequently require the production of documents produced by defendants to government regulators before adjudication of motions to dismiss. Such orders have directed the production of documents previously produced to the DOJ, in underlying patent litigation, and in civil investigations such as those by the Federal Trade Commission, the Commodities Futures Trading

---

[1] In many of the cases cited by the Defendants, where discovery was stayed pending a motion to dismiss, the courts emphasized that the complaints were unlikely to survive a motion to dismiss. Here, by contrast, given the entry of the Consent Judgment and Defendants' agreement that the DOJ's complaint stated a claim under Section One of the Sherman Act, it cannot reasonably be argued that the Consolidated Class Action Complaint is unlikely to survive a motion to dismiss.

Commission, or the National Highway Safety Administration.[2]  And for good reason: ordering production of documents that are highly relevant, have already been produced, and impose virtually no burden on the responding party, promotes efficiency and is consistent with sound case management.

The *High Tech Employee* case is instructive.  In that case, as here, the defendants, who were being investigated for anticompetitive no poach agreements, stipulated to a final judgment resolving the DOJ's investigation in which the defendants agreed that the DOJ's complaint stated a claim upon which relief may be granted under Section 1 of the Sherman Act, 15 U.S.C. § 1. *Compare* Final Judgment, *United States v. Adobe Systems, Inc., et al.*, No. 10-cv-1629-RBW (D.D.C. Mar. 18, 2011), Dkt. 17 at 2 *with* Final Judgment, *United States v. Knorr-Bremse AG, et al.*, No. 18-cv-747-CKK (D.D.C. July 11, 2018), Dkt. 19 at 3.  In the subsequent class action brought by employees against the *High Tech* defendants, the court recognized the efficiencies

---

[2] *See* Letter Order at 2-5, *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687 (D.N.J. July 5, 2016), Dkt. 209, and Order dated July 13, 2016, Dkt. 216 (ordering defendants to produce documents previously produced to the DOJ before plaintiffs filed consolidated complaints); Order, *In re Provigil Antitrust Litig.*, No. 06-cv-1797 (E.D. Pa. Sept. 24, 2009), Dkt. 219 (ordering production of "all materials previously provided by that Defendant to the Federal Trade Commission" while motion to dismiss was being briefed); Case Mgmt. Order No. 2 at 1-3, *In re Niaspan Antitrust Litig.*, No. 13-md-2460-JD (E.D. Pa. Feb. 19, 2014), Dkt. 61 (requiring production of documents already produced or generated in underlying patent litigation or submitted to the FDA prior to a decision on the motion to dismiss); Mem. and Order at 1-2, *In re Lipitor Antitrust Litig.*, No. 12-cv-2389 (D.N.J. Oct. 19, 2012), Dkt. 197 (rejecting defendants' motion for a stay of discovery while motions to dismiss were pending and ordering early production of patent-related documents); Order ¶ 4, *In re Neurontin Antitrust Litig.*, No. 02-cv-1390 (D.N.J. Oct. 29, 2002), Dkt. 25 (ordering early production of documents even while underlying patent litigation was pending and before filing of consolidated complaint). *See also In re Resistors Antitrust Litig.*, No. 15-cv-03820 (N.D. Cal. Feb. 2, 2016), Dkt. 112 (ordering all DOJ documents to be produced to plaintiffs prior to filing of consolidated complaints); *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-2420, 2013 WL 2237887, at *3 (N.D. Cal. May 21, 2013) (ordering production of documents previously produced to the DOJ before consolidated complaints were filed); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-cv-3690 (N.D. Ill. Mar. 4, 2010), Dkt. 75 (directing "targeted discovery including, but not limited to the previously produced material in the CFTC investigation" prior to resolution of the motions to dismiss).

gained by ordering an early document production and required the defendants to produce the DOJ materials at the very outset of the case.  Order at 1, *In re High Tech Employee Antitrust Litig.*, No. 11-cv-2509 (N.D. Cal. Oct. 26, 2011), Dkt. 88 (ordering production of government documents prior to resolution of the motions to dismiss).  Defendants here likewise should be required to produce to plaintiffs their DOJ production without delay, and other discovery should proceed as well.

Also, Plaintiffs are opposed to any effort by Defendants to draw a distinction between class and merits discovery.  In their class certification motion, Plaintiffs will demonstrate that every element of their claims—violation, impact, and damages—present common questions of law and fact that predominate over any questions affecting only individual members.  Plaintiffs will prove a violation of the Sherman Act with evidence of Defendants' misconduct that is common to all class members.  Plaintiffs will also provide the Court with common methods of proving impact and damages, relying on employee data, contemporaneous documents, and fact witness testimony.  Indeed, as explained further below, Plaintiffs propose to serve their class and merits expert reports at the same time.  Class and merits discovery proceeding on one track is consistent with Supreme Court and Third Circuit precedent that class certification should be based on as fulsome an evidentiary record as possible.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."); *In re Blood Reagants Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) ("As part of the rigorous analysis, the Court has clarified, '[a] party seeking class certification must affirmatively demonstrate his compliance' with Rule 23.") (citation omitted).

Separating discovery into different class and merits phases will cause unnecessary delay and would contravene Federal Rule of Civil Procedure 1, which calls for the "the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  With bifurcated discovery, after class certification, there would be an additional "merits" discovery period, resulting in another round of document production, depositions, and expert discovery. These delays would likely add over a year to the length of this litigation, and multiply the expenses considerably.  Many courts have rejected bifurcated discovery because they have recognized that the evidence plaintiffs need for certification purposes overlaps with and is closely intertwined with the merits evidence.  *See*, *e.g.*, *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 317, 319 n.20 (3d Cir. 2008) (recognizing that the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiffs' cause of action and "an artificial . . . division between 'certification discovery' and 'merits discovery'" is "ultimately wasteful") (internal citations omitted); *Plastic Additives*, 2004 WL 2743591, at *3-4 (finding certification and merits discovery to be "sufficiently intermingled" because the discovery needed to prove the existence of the anticompetitive conspiracy (merits) and the consequential damages to the class members (certification) overlapped).

Accordingly, in none of the prior three no-poach cases have the Courts bifurcated discovery.  In all three, plaintiffs were expected to complete fact discovery regarding class and merits issues at the same time.  *See* Case Management Order, *In re High-Tech Employee Antitrust Litig.*, No. 11-cv-2509 (N.D. Cal. Oct. 26, 2011), Dkt. 88 (ordering production of DOJ materials within one month, while defendants' motion to dismiss was pending, and establishing case management deadlines with a unitary fact discovery period); Case Management Order, *In re*

*Animation Workers Antitrust Litig.*, No. 14-cv-4062 (N.D. Cal. Nov. 6, 2014), Dkt. 39 (denying defendants' request to stay discovery, ordering that discovery proceed under the Federal Rules with a unitary fact discovery period); Order Approving Joint Rule 26(f) Report, *Danielle Seaman v. Duke University, et al.*, No. 15-cv-462 (M.D.N.C. Aug. 22, 2016) (approving 26(f) report setting a unitary fact discovery period).  Completing significant fact discovery without bifurcation was important in all three cases.  In all three, the Courts certified classes by relying upon substantial evidence put forward by plaintiffs that included documents, testimony, and data regarding: the alleged wrongdoing and what defendants' senior administrators hoped to gain by it (suppressed employee pay); how class member compensation was set, including central administrative oversight of class pay; and employee pay and demographic data that experts used to estimate impact and damages.  *See High-Tech*, 985 F. Supp. 2d 1167 (N.D. Cal. 2013) (certifying a class of approximately 64,000 high-tech workers); *Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 282 (N.D. Cal. 2016) (certifying a class of over 10,000 animation workers); *Seaman v. Duke Univ.*, No. 1:15-CV-462, 2018 WL 671239, at *11 (M.D.N.C. Feb. 1, 2018) (certifying a class of over 5,000 medical faculty).

The Court should not decide whether these issues can be litigated on a classwide basis in a vacuum.  That decision should instead be based on classwide evidence that Plaintiffs will provide with their class certification motion.  The Court should reject Defendants' efforts to deny Plaintiffs the evidence they need to certify a class.  This is particularly true, where, as here, the parties have the benefit of an entire DOJ investigation that was litigated to conclusion.  That evidence should be produced in its entirety at the beginning of discovery, not await a second phase after class certification is already decided.

Plaintiffs also propose a schedule, paragraph 10 below, that includes interim discovery milestones so that rolling productions of documents and data will keep the case moving. Interim deadlines will assist the parties to complete fact discovery on schedule. Throughout, Defendants should collect and produce documents on a rolling basis, with deadlines for substantial completion of certain categories of evidence that would provide sufficient time for Plaintiffs to review those documents and data and follow-up as appropriate. Interim discovery deadlines and the monthly calls ordered by the Court will keep the parties on track.

        b.    <u>Defendants' Position</u>

        (i)    <u>Discovery Schedule</u>

Defendants do not agree that the Rule 26(f) Report is a proper vehicle for the parties to brief respective arguments on a discovery stay pending a motion to dismiss that has not yet been filed. Defendants' motions to dismiss are not due until November 27; no motion to stay discovery has been filed yet; and the parties have not even propounded Rule 34 requests, let alone exchanged responses and objections. Nonetheless, Defendants briefly address Plaintiffs' Position below.

This Court has broad discretion to stay discovery pending resolution of a Motion to Dismiss, and that discretion is routinely exercised. As this Court has noted, "[t]he doors to discovery are not opened upon the filing of a complaint to allow a plaintiff to engage in a fishing expedition to discover facts to defend against a motion to dismiss." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 2017 U.S. Dist. LEXIS 107985, *9 (W.D. Pa. July 12, 2017). The Third Circuit has emphasized that discovery pending resolution of a Rule 12(b)(6) motion frustrates the purpose of the Supreme Court's decision in *Bell Atlantic Corp. v Twombly* and its progeny:

    The Rule 12(b)(6) procedure streamlines litigation by dispensing with needless
    discovery and fact-finding, <u>and motions to dismiss filed under it should typically be</u>

<u>resolved before discovery begins</u>.  Indeed, the purpose of the Rule's plausible inference standard is to ensure that the complaint raises a reasonable expectation that discovery will reveal evidence of illegal conduct [as required under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).]

*Levey v. Brownstone Inv. Group*, LLC, 590 Fed. Appx. 132, 137 (3d Cir. Oct. 23, 2014)(internal quotations omitted, emphasis added).  *See also, Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. Mar. 30, 2010)("The idea that discovery should be permitted before deciding a motion to dismiss is unsupported and defies common sense because the purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.")(quotation omitted).[3]  The need for a discovery stay in the Rule 12 phase is particularly apt in antitrust cases, in which discovery costs can be particularly significant.  *See Pfizer Inc. v. Johnson & Johnson*, 2018 U.S. Dist. LEXIS 31690, *3 (E.D. Pa. Feb. 27, 2018)("[To decide a motion to stay pending a Rule 12(b)(6) motion,] [w]e also consider the scope of the proposed discovery. As with many antitrust cases, the scope of discovery in this case will likely be enormous.").[4]

Also, courts have specifically stayed discovery of antitrust investigatory materials collected by the government pending resolution of a motion to dismiss.  For example, in *In re*

---

[3] Other Circuits agree with the Third Circuit.  *See Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) ("[plaintiff] was not entitled to discovery before the court ruled on the motion to dismiss"); *Kolley v. Adult Protective Services*, 725 F. 3d 581, 587 (6th Cir. 2013)("A plaintiff is not entitled to discovery before a motion to dismiss…."); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("The Supreme Court has stated … that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."  (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

[4] Defendants note that most of Plaintiffs' lead cases regarding a stay either are not "antitrust precedents," are pre-*Twombly*, or draw from an inapplicable legal standard.  For example, "public interest" is a factor in the "standard for determining whether to stay civil proceedings *pending the resolution of related criminal proceedings*"—not the standard for a stay pending a decision on a motion to dismiss.  *See In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *14-15 (E.D. Pa. Nov. 30, 2004)(emphasis added)(cited by Plaintiffs *supra*)(applying test involving "five competing interests"—including "public interest"—to determine whether to stay discovery pending criminal proceedings).

*Graphics Processing Units Antitrust Litig.*, 2007 U.S. Dist. LEXIS 57982 (N.D. Cal. July 24, 2007), the Court granted a stay of all discovery—including re-production of DOJ-produced documents—until resolution of a pending Rule 12(b)(6) motion.  The Court reasoned that (1) "adjudicating the motions to dismiss [first] will shed light on the best course for discovery," (2) there is "no urgent need for immediate discovery," (3) this is not "a case where it is almost certain that the complaint is viable, such as is often true where guilty pleas have already been entered in a parallel criminal case," (4) while "the incremental cost to produce a duplicate set to plaintiffs' counsel would be minor in the overall picture[,][s]till, there would be the issue of various objections (based, for example, on employee privacy)….that would take time to evaluate," and (5) "regardless of the foregoing, the compelled act of turning records over to the government pursuant to the subpoena does not mean that everyone else has an equal right to rummage through the same records."  *Id*. at *24-27.  Similar concerns apply with equal force here.

Another court emphasized why early re-production of documents previously produced to an investigating antitrust authority would frustrate the purpose of *Twombly*:

> This Court is wary of permitting Plaintiffs to circumvent the normal course of discovery simply because Defendants must produce documents to the FTC….[H]eeding the Supreme Court's words of caution [in *Twombly*], this court declines to open the flood gates of discovery prior to Plaintiffs satisfying their initial burden of pleading a cause of action upon which relief can be granted.

*In re Wholesale Grocery Prods. Antitrust Litig.*, 2010 U.S. Dist. LEXIS 147697, *11-12 (D. Minn. Mar. 3, 2010).  Numerous other courts have reached the same conclusion.[5]

---

[5] *See, e.g., In re Pre-Filled Propane Tank*, 2015 U.S. Dist. LEXIS 179002 (W.D. Mo. Feb. 24, 2015)(granting stay of discovery, pending resolution of forthcoming motion to dismiss, seeking documents which defendants produced to the FTC, which had closed its investigation with a final order); *McLafferty v. Deutsche Lufthansa A.G.*, 2008 U.S. Dist. LEXIS 81627 (E.D. Pa. Oct. 14, 2008) (granting motion to stay discovery, pending resolution of Rule 12(b)(6)

Finally, Defendants note that any stay likely will be short.  Briefing on the Motions to Dismiss will be complete in three months under the stipulated proposed schedule.  Plaintiffs will have ample time for full discovery in the near future—if their claims are not dismissed or substantially narrowed.[6]

(i)      Phasing Merits and Class Discovery

Defendants do not agree that a combined class-merits discovery phase is necessarily more efficient, and otherwise believe a decision on this issue is premature.  There is a serious question here whether any class can be certified at all.  *See, e.g., Weisfeld v. Sun Chem. Corp*., 84 Fed. Appx. 257, 262-64 (3d Cir. 2004) (affirming denial of certification of a class of employees alleging antitrust "no-hire" agreements, because (1) common issues did not predominate in the antitrust injury inquiry—"both the decreased salary and deprivation of opportunities inquiries

---

motion, requesting documents which the European Commission had seized during its investigation of the alleged price-fixing); *In re Blood Reagents Antitrust Litig*., 756 F. Supp. 2d 623, 633 (E.D. Pa. 2010) (court "effectively stayed discovery pending resolution of the motion to dismiss" where there was a concurrent criminal grand jury investigation, and then, upon denying the motion to dismiss, denied further stay of discovery); *In re Domestic Airline Travel Antitrust Litig*., 174 F. Supp. 3d 375, 376 (D.D.C. 2016) (staying discovery of documents defendants previously provided to Government as part of ongoing antitrust investigation, until resolution of forthcoming motion to dismiss—reasoning that "there is a burden on Defendants, while the potential prejudice to Plaintiffs caused by delay is minimal, if non-existent.") *In re Rail Freight Fuel Surcharge Antitrust Litig*., 1:07-MC-00489-PLF-GMH, ECF 114 (D.D.C. June 23, 2008)(granting stay of discovery pending resolution of forthcoming motion to dismiss, where plaintiffs filed a request for reproduction of documents defendants previously produced to the New Jersey Office of the Attorney General and the Surface Transportation Board); *In re Platinum and Palladium Antitrust Litig*., No. 14-cv-9391-GHW, ECF No. 48 (S.D.N.Y. Apr. 21, 2015)(granting stay, until adjudication of anticipated 12(b)(6) motion, of re-production of documents previously produced to US government regulators); *In re Commodity Exchange, Inc. Gold Futures and Options Trading Litig*., No. 14-MD-2548, ECF No. 22 (S.D.N.Y. Oct. 20, 2014)(granting stay, pending resolution of anticipated motion to dismiss forthcoming consolidated complaint, of re-production of documents previously produced to various U.S. and foreign government agencies).

[6] Plaintiffs speculate in footnote 1 whether their Complaint will survive a motion to dismiss that has not even been filed.  This highlights the inappropriateness of attempting to argue the stay issue in a Rule 26(f) Report.  The Court should address these issues with the benefit of both a motion to dismiss and a motion to stay in hand.

would require considering numerous individual factors", and (2) a class action was not a superior means to adjudicate the case.).  Even if a class could be certified, substantial narrowing of the class may be required.  *See, e.g.*, *Seaman v. Duke University*, 2018 U.S. Dist. LEXIS 16136, *2-3 (M.D.N.C. Feb. 1, 2018) (in no-hire antitrust case, denying class certification of proposed class of physicians, nurses, and skilled medical staff and granting class certification only as to faculty employees); *In re High-Tech Employee Antitrust Litigation,* 985 F. Supp. 2d 1167,1171, 1174 (N.D. Cal. 2013)(in no-hire antitrust case, denying certification of an "'All Employee' class, which included every salaried employee throughout the United States who worked for Defendants between 2005 and 2009," and certifying only a narrower Technical Class of highly skilled employees).

Under these circumstances, it would be grossly inefficient for all parties and for the Court to engage in full merits fact and expert discovery before it is clear whether any class can be certified.  Even if plaintiffs succeed in certifying a class, it may be substantially narrower than currently alleged.  If so, the parties will have wasted resources on fact discovery and expert analysis that ultimately is unnecessary (for example, costly efforts on expert models for class damages addressing employees who are not even in the class).  Early-phase discovery should be targeted to facts and expert analysis needed to determine class certification.  If a class is certified, there will be ample time for an efficient merits schedule.  *See* LCvR 23(G) ("After resolution of the motion for class certification, the Court will schedule a conference to discuss how the case will proceed in light of the ruling on class certification.")  On the other hand, if certification is unsuccessful, all parties and the Court will have avoided wasteful efforts on unnecessary issues.

In any event, a decision on the phasing of discovery is premature.  There is no need for the Court to determine whether to bifurcate class and merits discovery at this early stage.  Given

the importance of a decision on the Motion to Dismiss in eliminating or narrowing issues, the parties should have the benefit of that ruling before making proposals on any phasing of discovery. Defendants recommend that the Court schedule a status conference at a time convenient to the Court following any ruling on the Motion to Dismiss to discuss the potential phasing of discovery at that point.

**9.     Subjects on Which Fact Discovery May Be Needed**

Plaintiffs previously provided Defendants with the subjects on which fact discovery may be needed by letters dated July 23, 2018 and August 27, 2018. Plaintiffs provided Defendants with an opportunity to discuss those subjects during the October 24, 2018 26(f) conference.

Those subjects include:

   a.     Documents regarding the DOJ investigation;

   b.     Documents regarding alleged agreements not to hire or otherwise compete for employees;

   c.     Data regarding members of the proposed Class, such as job titles, compensation, and demographic information;

   d.     Business plans and studies regarding employee competition issues, such as recruiting, retention, and hiring;

   e.     Documents regarding how proposed Class member pay is determined;

   f.     Organization charts;

   g.     Document retention policies;

   h.     Guides to data fields; and

   i.     Antitrust compliance policies.

Defendants seek discovery regarding the named plaintiffs.

**10.     Case Schedule**

Plaintiffs propose the following Case Schedule

j.      November 7, 2018:  Rule 16 Conference

k.      November 12, 2018:  Plaintiffs serve initial document requests and interrogatories.

l.      November 26, 2018: Parties file a Protective Order.

m.      November 27, 2018:  Defendants shall file a responsive pleading, or otherwise move pursuant to Rule 12.

n.      December 7, 2018: Production of all documents and communications regarding the United States Department of Justice investigation.

o.      January 11, 2019:  Plaintiffs shall file an opposition to the Rule 12 motion.

p.      February 1, 2019:  Substantial completion of rolling production of information and data on proposed class members.

q.      February 12, 2019:  Defendants shall file a reply in support of  the Rule 12 motion.

r.      April 12, 2019:  Substantial completion of rolling production of documents.

s.      September 2, 2019:  Deadline for amending the pleadings.

t.      October 1, 2019:  Fact discovery cutoff.

u.      November 1, 2019:  Plaintiffs' expert reports.

v.      January 6, 2020:  Defendants' expert reports.

w.      February 10, 2020:  Plaintiffs' rebuttal expert reports.

x.      March 2, 2020:  Expert discovery cutoff.

y.      March 30, 2020:  Class certification motion.

z.      March 30, 2020:  Daubert motion(s).

aa.     May 4, 2020:  Class certification opposition brief.

bb.     May 4, 2020:  Daubert opposition brief(s).

cc.     June 1, 2020:  Class certification reply brief.

dd.     June 1, 2020:  Daubert reply brief(s).

ee.   July 2020:  Class certification hearing.

ff.   August 3, 2020:  Summary judgment motions.

gg.   September 14, 2020:  Summary judgment opposition briefs.

hh.   October 12, 2020:  Summary judgment reply briefs.

ii.   November 2020:  Summary judgment hearing.

jj.   December 1, 2020:  Pretrial conference.

kk.   January 21, 2021:  Jury trial, estimated length of 10 days.

Defendants propose the following schedule:

1.   Nov. 7, 2018:  Rule 16 Conference

2.   Nov. 26, 2018:  Parties shall file a proposed protective order.

3.   Nov. 27, 2018:  Defendants shall move pursuant to Rule 12.

4.   Jan. 11, 2019:  Plaintiffs shall file an opposition to the Rule 12 motion(s).

5.   Feb. 12, 2019:  Defendants shall file a reply to the Rule 12 motion(s).

6.   30 Days after (1) any ruling denying Rule 12 motion(s) or (2) the filing of any amended complaint complying with any Rule 12 order permitting amendment:  Parties exchange initial disclosures.

7.   At the Court's convenience after resolution of the Motion to Dismiss, the Court should schedule a status conference to set dates for the next phase of the litigation.

## 11.   Changes to Discovery Procedures

The service of interrogatories, requests for production of documents and tangible items, notices of depositions and requests for admission shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Plaintiffs believe that it will be necessary to exceed the 10 deposition and 25 interrogatory limits, and will confer in good faith in an effort to reach reasonable agreements regarding the number of depositions and interrogatories to be allowed should it become apparent that it is necessary to exceed these limits.  Defendants do not agree

that such exceptions will be needed in this case, but agree to confer with Plaintiffs in good faith

regarding any extensions of these limits.  The parties also agreed to further meet and confer

regarding a deposition protocol.

      **12.**    **Discovery of ESI**

      a.      Both parties anticipate seeking discovery of ESI in this case.

      b.      Parties agree to use a modified version of the Court's model ESI Order

(attached hereto as Exhibit A).  At this time, the parties do not see a need to complete an ESI

discovery plan in this case, but reserve the right to do so, and/or to enter into a more

comprehensive ESI Order, as circumstances warrant.

      c.      Plaintiffs provided Defendants with a detailed list of discovery topics.

The parties have represented to each other that they have acted, and will continue to act, in good

faith to preserve potentially relevant information, and have taken reasonable measures to do so.

The parties are continuing to meet and confer regarding follow-up issues from the Rule 26(f)

conference, such as information regarding ESI databases.  The parties reached an impasse

regarding whether Local Rule 26.2 requires Defendants to provide certain information regarding

their preservation efforts, such as the names and job titles of custodians for whom ESI has been

preserved and the number of custodians.  Plaintiffs contend that this information should have

been provided during the Rule 26 conference.

      d.      The parties agree that exchange of ESI is necessary prior to conducting

meaningful ADR in this case.

      e.      The parties agree that the Court should enter the modified model order

implementing Federal Rule of Evidence 502(d) (attached hereto as Exhibit B).

      f.      The parties agree that an E-Discovery Special Master is not necessary at

this time.  However, should a Special Master become necessary, the parties have agreed upon

David White of the law firm of Burns White, subject to the approval of the Court.

### 13.      Other Orders under Rule 16(b) or 26(c)

The parties agreed on an Order Concerning Expert Discovery and an Order Scheduling

Monthly Conference Calls (attached hereto as Exhibits C and D, respectively).  The parties do

not believe a document preservation order beyond what is set forth in CMO No. 1 is necessary at

this time.

### 14.      Need for Appointment of Special Master

The parties do not anticipate a need for a special master at this time, but the parties

recommend David White of the law firm of Burns White should the need arise.

### 15.      Failure to Agree on Subject for Which Report Is Required

None aside from those issues explained above.

### 16.      Settlement Consideration

As noted above, the parties agree that certain discovery should take place before

mediation or other settlement consideration is appropriate.


Dated: October 30, 2018                                      Respectfully submitted,

By: */s/ Dean M. Harvey*                          By: */s/ Roberta D. Liebenberg*
     Dean M. Harvey                                    Roberta D. Liebenberg

Kelly M. Dermody (*pro hac vice*)              Roberta D. Liebenberg (PA ID #31738) (*pro*
Dean M. Harvey (*pro hac vice*)                *hac vice*)
Lin Y. Chan (*pro hac vice*)                       Gerard A. Dever (PA ID #85291) (*pro hac*
LIEFF CABRASER HEIMANN &            *vice*)
BERNSTEIN, LLP                                        Adam J. Pessin (PA ID #92325) (*pro hac vice*
275 Battery Street, 29th Floor                      forthcoming)
San Francisco, CA 94111-3339                     FINE, KAPLAN AND BLACK, R.P.C.
Telephone: (415) 956-1000                          One South Broad Street, Suite 2300
Facsimile: (415) 956-1008                           Philadelphia, PA 19107

kdermody@lchb.com
dharvey@lchb.com
lchan@lchb.com

Kathleen M. Konopka (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212)355-9500
Facsimile: (212) 355-9592
kkonopka@lchb.com

Telephone: (215) 567-6565
Facsimile: (215) 568-5872
rliebenberg@finekaplan.com
gdever@finekaplan.com
apessin@finekaplan.com

*Interim Co-Lead Class Counsel*

By: */s/ Thomas E. Birsic*
　　　Thomas E. Birsic

By: */s/ Mark H. Hamer*
　　　Mark H. Hamer

Thomas E. Birsic (PA ID #31092)
Melissa J. Tea (PA ID #80195)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Tel:  (412) 355-6500
Fax:  (412) 355-6501
thomas.birsic@klgates.com
melissa.tea@klgates.com

Michael E. Martinez (*admitted pro hac vice*)
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel:  (312) 372-1121
Fax: (312) 827-8000
michael.martinez@klgates.com

*Attorneys for Defendants Westinghouse Air*
*Brake Technologies Corporation,*
*Wabtec Railway Electronics, Inc.,*
*Faiveley Transport North America Inc.,*
*Railroad Controls, L.P.,*
*Ricon Corporation, and*
*Xorail, Inc.*

Mark H. Hamer  (*admitted pro hac vice*)
Steven M. Chasin
Baker McKenzie LLP
815 Connecticut Ave., N.W.
Washington, DC 20006
Tel: +1 202 452 7077
Fax: + 202  416-7177
Mark.Hamer@bakermckenzie.com
Steven.Chasin@bakermckenzie.com

Catherine Koh Stillman (*admitted pro hac*
*vice*)
Baker McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Tel: +1 212 626 4218
Fax: +1 212 310 1679
catherine.stillman@bakermckenzie.com

*Attorneys for Defendants Knorr-Bremse AG,*
*Knorr Brake Company LLC,*
*New York Air Brake LLC, and*
*Bendix Commercial Vehicle Systems LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the CM/ECF participants on this 30th day of October 2018.

*/s/ Dean M. Harvey*
Dean M. Harvey (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008